UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT M. KOLVEK,      ) 5:05CV2598
                           )
        Petitioner      ) JUDGE KATHLEEN O'MALLEY
                           ) (Magistrate Judge Kenneth S. McHargh)
      v.                )
                           )
MICHELLE EBERLIN,      )
        Warden,        )
                           )
        Respondent    ) REPORT AND RECOMMENDED
                           ) <u>DECISION OF MAGISTRATE JUDGE</u>

McHARGH, MAG. J.

The petitioner Robert Kolvek ("Kolvek") has filed a petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2003 felony convictions for drug possession, obstruction of justice, and other charges, in the Summit County, Ohio, Court of Common Pleas.  (Doc. 1.)  Kolvek raises sixteen (16) grounds for relief in his petition:

> 1.  Petitioner was denied effective assistance of counsel for his direct appeal when appellate counsel failed to state the claim.  That Petitioner's Fifth, Sixth and Fourteenth Amendment rights were violated when his only witness was not permitted to completely testify.
>
> 2-4.  Petitioner was denied his due process rights under the Fith [*sic*] and Fourteenth Amendments when the state failed to present sufficient evidence and the jury's verdict was against the manifest weight of the evidence.
>
> 5.  Petitioner believes the prosecutor engaged in conduct, violating his Fifth and Fourteenth Amendment due process rights when she used false testimony to justify the stop of the vehicle

Petitioner was driving.  Petitioner claims actual innocence with respect to this charge.

6.  Petitioner asserts that his trial counsel was deficient in his performance and to the prejudice of Petitioner when he failed to file a motion for a suppression hearing; a minimal amount of investigation by counsel, clearly would have disclosed to counsel that his client did not receive or possess stolen property.

7.  Petitioner was denied effective assistance of counsel as guaranteed by the Sixth Amendment when counsel failed to object to the indictment, Count (4), which was not adequate to charge an offense that would enable Petitioner to plead double jeopardy in a subsequent prosecution; moreover, Petitioner is not guilty of this charge.

8.  Petitioner's Fifth and Fourteenth Amendment rights to due process were violated when the State convicted him using a defective charging instrument, Count (2), Obstruction of Justice.

9.  Petitioner's Fifth and Fourteenth Amendment due process rights and his Sixth Amendment right to Grand Jury were violated and where the standard of proof the State uses with respect to Ohio Revised Code 2921.32 falls below clearly established constitutional criteria of proof beyond a reasonable doubt; Petitioner is innocent of this conviction.

10.  Petitioner was denied his Sixth Amendment right to effective assistance of the ap[p]ellate counsel when she failed to raise the issue of a fatal variance which promoted a violation of Petitioner's due process rights.

11.  Petitioner's Sixth Amendment right to effective assistance of counsel, cross-examination and confrontation were violated when the court exposed the jury to a fact not in evidence during the jury's deliberations further violating Petitioner's Fifth and Fourteenth Amendment due process rights.

12.  The court abused its discretion when it denied counsel's request for a continuance or a dismissal of the supplemental charge placed on Petitioner (2) days prior to trial, denying Petitioner's right to effective assistance of counsel where counsel did not have adequate time to prepare and this further violated Petitioner's due process and

equal protection rights when the court gave two different rulings with respect to two similarly situated offenders.

13.  The court abused its discretion violating Petitioner's Fifth and Fourteenth Amendment due process rights when it permitted the use of similar acts of evidence, over counsel's objections, when the court failed to rule on a motion until the second day of trial.

14.  Petitioner's Fifth and Fourteenth Amendment rights were violated by pre-indictment delay when the State waited until (2) days prior to trial to indict Petitioner on a supplemental charge.

15.  Petitioner was deprived [of] his Sixth Amendment rights when his trial counsel failed to file a writ of prohibition in regard to the state's use of a supplemental indictment.

16.  Petitioner's Sixth Amendment right to effective assistance of counsel was denied when trial counsel made numerous errors that were so serious that Petitioner [*sic*] failed to function as counsel guaranteed by the protections of the United States Constitution.

(Doc. 1, petition, at viii-x.)

The respondent contends that several of the grounds of the petition have been procedurally defaulted, and that others are not cognizable in a federal habeas corpus proceeding.  (Doc. 13.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

On May, 10, 2004, the Akron Police stopped a vehicle driven by [Kolvek]. [FN1] Records checks indicated that the plates on the vehicle were stolen and that [Kolvek] did not possess a valid driver's license. The arresting officer handcuffed [Kolvek], and then removed [Kolvek]'s wallet from [Kolvek]'s pocket. Upon doing so, the officer discovered two folded pieces of paper containing a substance which [Kolvek] declared to be methamphetamine ("meth"); this was confirmed by a field test.

Located within the vehicle was apparatus which could be used to manufacture meth: a fan; jars of various liquids; coffee filters; rock salt; brake cleaner, glassware; and tubing. [Kolvek] admitted that the apparatus constituted a meth lab and it had been in his possession for twenty-four hours. [Kolvek] stated that he took possession of the lab as a favor to his friend, Lisa Hart, because she had been arrested for drug possession. [Kolvek] said that Hart's sister had called him and asked him to remove the lab so the police would not find it and Hart would not get into trouble. [Kolvek] also declared that he had used drugs for two years and had helped Hart in manufacturing meth in exchange for drugs and money.

> FN1. [Kolvek] was previously arrested on February 22, 2003, and March 26, 2003, and charged with, among other things, possession of drugs. Those charges were pending at the time of his arrest in this case on May 10, 2003. As a result of those arrests, [Kolvek] was convicted. On March 31, 2004, and May 19, 2004, this court filed opinions affirming those criminal convictions.

A narcotics specialist from the police department went to the scene and testified at trial regarding the equipment found in the vehicle. His testimony indicated that the objects found were typically used in a meth lab and showed signs of recent use in that fumes were still being emitted. He also testified regarding Lisa Hart's arrest and the equipment found at her house; he stated that the cut end of the tubing in [Kolvek]'s car matched the cut end of the tubing in Hart's house, indicating that the pieces had once been part of the same lab.

[Kolvek]'s girlfriend, present in the car at the time of the traffic stop, testified at trial that they were removing the lab from Hart's house and [Kolvek] was paid in drugs to do so.

[Kolvek]'s indictment was for: the illegal manufacture of drugs in violation of R.C. 2925.04(A), a felony of the second degree; obstructing justice in violation of R.C. 2921.32(A)(3), a felony of the third degree; aggravated possession of drugs in violation of R.C. 2925.11, a felony of the fifth degree; receiving stolen property in violation of R.C. 2913.51(A), a felony of the fifth degree; driving under suspension in violation of R.C. 4507.02, a misdemeanor of the first degree, and illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. Prior to trial, the trial court amended the indictment to include a charge of illegal

4

assembly or possession of chemicals for the manufacture of drugs in
violation of R.C. 2925.041, a felony of the third degree. A jury convicted
[Kolvek] on all charges except the violation of R.C. 2925.04(A), illegal
manufacture of drugs.

(Doc. 13, RX 10, at 2-4; <u>State v. Kolvek</u>, No. 21752, 2004 WL 1562573, at *1 (Ohio

Ct. App. July 14, 2004).)

Kolvek, through his appellate counsel, raised five assignments of error on his

direct appeal:

1.  The trial court erred by denying Appellant's Crim. Rule 29 motion
as the state failed to meet its burden of proof as there was insufficient
evidence to convict Appellant and the verdict of the jury was against
the manifest weight of the evidence.

2.  The trial court erred to the prejudice of Appellant in permitting the
state to use similar acts evidence over counsel's objections.

3.  Appellant was denied due process by proceeding to trial on a
supplemental indictment that was filed and served upon Appellant
shortly before trial.

4.  The trial court erred by failing to follow the sentencing guidelines.

5.  Appellant was not brought to trial within Ohio's "speedy trial"
statute, and therefore, should have been discharged.

(Doc. 13, RX 8, at 6.)  On July 14, 2004, the court of appeals affirmed the

convictions.  (Doc. 13, RX 10, at 1; <u>State v. Kolvek</u>, No. 21752, 2004 WL 1562573, at

*1 (Ohio Ct. App. July 14, 2004).)

On Aug. 17, 2004, Kolvek appealed to the Ohio Supreme Court, and raised

the following four propositions of law:

1.  To ensure convictions will be based on the manifest weight of the
evidence, any fact that increases the maximum penalty, or degree of an

5

offense, must be alleged in the indictment and proven beyond a reasonable doubt.

2.  Trial court failed to follow sentencing guidelines, and the sentences imposed are in violation of the recent United States Supreme Court ruling in <u>Blakely v. Washington</u>.

3.  Criminal Rule 404(B), other acts evidence is not admissible when prejudicial value is greater than probative value.

4.  Defendants are entitled to reasonable continuence [*sic*] when the State indicts a Defendant on additional charge two days prior to trial and arraigns that Defendant the day of trial.

(Doc. 13, RX 12.)  The court denied Kolvek leave to appeal, and dismissed the

appeal as not involving any substantial constitutional question, on Nov. 10, 2004.

(Doc. 13, RX 14; <u>State v. Kolvek</u>, 103 Ohio St.3d 1528, 817 N.E.2d 410 (2004).)

Kolvek filed a timely application to re-open his appeal, under Ohio App. Rule

26(B), on nine grounds that his appellate counsel was ineffective.  (Doc. 13, RX 16.)

The court ruled that Kolvek had failed to establish ineffectiveness, and denied the

motion.  (Doc. 13, RX 19.)

Kolvek appealed that determination to the Ohio Supreme Court, based on a

single proposition of law:

An appellant has a right to competent and effective assistance of appellate counsel on direct appeal.  This is a constitutional guarantee embodied in the Sixth Amendment of the United States Constitution.

(Doc. 13, RX 22.)  On Dec. 29, 2004, the Supreme Court dismissed the appeal as not

involving any substantial constitutional question.  (Doc. 13, RX 24; <u>State v. Kolvek</u>,

104 Ohio St.3d 1441, 819 N.E.2d 1124 (2004).

6

While the motion to re-open his appeal was pending, Kolvek filed a pro se motion to vacate sentence.  (Doc. 13, RX 26.)  The trial court denied Kolvek's motion on April 6, 2005.  (Doc. 13, RX 29.)

Through counsel, Kolvek filed a motion for re-sentencing, to receive notice of post-release control as required by State v. Jordan, 104 Ohio St.3d 21, 817 N.E.2d 864 (2004).  The state expressing no objection, Kolvek was re-sentenced on Oct. 14, 2005.  (Doc. 13, RX 32.)   Kolvek filed a pro se notice of appeal on Nov. 14, 2005.  (Doc. 13, RX 38.)

Kolvek filed the petition for a writ of habeas corpus in this court on Nov. 4, 2005.  (Doc. 1.)


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the

7

> writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Kolvek has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

As is not uncommon with a pro se petitioner, Kolvek's arguments throughout the memorandum in support of his petition, and in his traverse, are frequently less than clear.  Several issues are raised repeatedly, in a multitude of overlapping legal arguments.  The court will attempt to discern the validity of the allegations buried within.

### III.  PROCEDURAL DEFAULT

The respondent argues that several of the grounds of the petition have been procedurally defaulted.  (Doc. 13.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

9

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief.  Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000).  Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004).

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

10

A.  Claims that Kolvek allegedly failed to raise on direct appeal

The respondent asserts that the fifth, sixth, seventh, eighth, ninth, eleventh, fourteenth, fifteenth and sixteen grounds for relief have been procedurally defaulted, because Kolvek was represented by counsel and failed to raise these claims on direct appeal.  (Doc. 13, at 16-17.)  In his traverse, Kolvek asks the court to dismiss grounds seven and fifteen of the petition.  (Doc. 17, at 4.)

1.  Fifth Ground:  Prosecutorial misconduct

The fifth ground of the petition alleges that the prosecutor engaged in misconduct by using "false testimony to justify the stop of the vehicle Petitioner was driving."  (Doc. 1, at viii.)  Kolvek apparently concedes that this claim was not presented to the state courts, but argues that the procedural default should be excused for two reasons:  1) actual innocence, and 2) ineffective assistance of appellate counsel.  (Doc. 1, at 19.)

Because the prosecutorial misconduct claim was not raised in Kolvek's direct appeal, it would be barred by the Ohio rule of res judicata.  Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9).  Res judicata bars Kolvek from litigating an issue that was raised or could have been raised on direct appeal. Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate

11

that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded counsel's efforts to comply with the state's procedural rule.  Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Ineffective assistance of counsel can serve as cause to overcome procedural default.  Smith v. Ohio, Dept. of Rehab. and Corr., 463 F.3d 426, 432 (6th Cir. 2006) (citing Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004)).  Kolvek contends that ineffective assistance of appellate counsel is cause to excuse the procedural default. He argues that "a professionally competent Appellate Attorney would find it reasonable to question the entire validity of [the receiving stolen property] charge and therefore the subsequent stop of the vehicle."  (Doc. 1, at 19-20.)  Kolvek disputes the state court's factual finding that a records checks by police indicated that the license plates on the car he was driving were stolen, which was the justification for the initial stop.  (Id. at 19-22; doc. 17, at 20; see generally doc. 13, RX 10, at 2; Kolvek, 2004 WL 1562573, at *1.)  Kolvek charges that the police officers' testimony regarding the justification for the stop was perjured.  (Doc. 17, at 20.)

Although Kolvek filed an application to re-open his appeal under Ohio App. Rule 26(B), on grounds that his appellate counsel was ineffective, none of the nine grounds raised therein include the theory argued above.  See generally doc. 13, RX 16.  An ineffective assistance of counsel claim asserted as cause for another

12

procedurally defaulted federal claim can itself be procedurally defaulted.  <u>Edwards</u> <u>v. Carpenter</u>, 529 U.S. 446, 453 (2000).  <u>See also</u> <u>Wong v. Money</u>, 142 F.3d 313, 322 (6th Cir. 1998) (claim of ineffective assistance of counsel must be presented to state courts under same theory later presented to federal court).

Any ineffective-assistance claim that Kolvek could have asserted, but did not, is defaulted under the Ohio doctrine of res judicata.  <u>Coleman</u>, 244 F.3d at 538; <u>Perry</u>, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106 (syllabus, ¶9).  Thus, because this claim of ineffective assistance of counsel was not presented to the state courts, it cannot be used to establish cause for a procedural default.  <u>Edwards</u>, 529 U.S. at 452; <u>Smith</u>, 463 F.3d at 436 n.7; <u>Deitz</u>, 391 F.3d at 809.

The Supreme Court has recognized a "narrow exception" to the procedural default rule "when the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense."  <u>Dretke v. Haley</u>, 541 U.S. 386, 388 (2004) (citing <u>Murray</u>, 477 U.S. 478).  Kolvek's claim of actual innocence relates to his conviction on the fourth count of the indictment, receiving stolen property, a stolen license plate. Kolvek claims the officers perjured themselves at trial, and that no physical or documentary evidence was produced to support the officers' contention that the plate was reported stolen.  (Doc. 1, at 20-22; doc. 17, at 20.)

The Sixth Circuit has noted:

. . . the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial."  To establish actual innocence, "a petitioner must show that

13

> it is more likely than not that no reasonable juror would have found
> petitioner guilty beyond a reasonable doubt."  . . .  To be credible, such
> a claim requires petitioner to support his allegations of constitutional
> error with *new reliable evidence* – whether it be exculpatory scientific
> evidence, trustworthy eyewitness accounts, or critical physical
> evidence – *that was not presented at trial.*"  The Court counseled
> however, that the actual innocence exception should "remain rare" and
> "only be applied in the 'extraordinary case.'"

<u>Souter v. Jones</u>, 395 F.3d 577, 589-590 (6th Cir. 2005) (emphasis added) (internal

citations omitted).  The only new evidence that Kolvek cites are letters from two

women, contending that they were unable to verify information regarding the stolen

plate from publicly available sources.  <u>See</u> doc. 1, Exh. E and N (Young and Knox

letters).

The court does not find that Kolvek's allegations regarding this matter

undermine confidence in the result of the trial, or that this is the type of

"extraordinary case" contemplated by the Supreme Court.  <u>See</u> <u>Murray</u>, 477 U.S. at

496.

The fifth ground has been procedurally defaulted.

<u>2.  Sixth Ground:  Ineffective Assistance of Counsel</u>

The sixth ground of the petition is that trial counsel[1] was ineffective for

failing to file a motion for a suppression hearing, and because "a minimal amount of

investigation by counsel, clearly would have disclosed to counsel that his client did

---

[1]In his traverse, Kolvek also argues appellate counsel was ineffective for not
arguing trial counsel's ineffectiveness.  (Doc. 17, at 20-21.)  However, the petition
itself emphasizes trial counsel's errors.  In any event, the ineffectiveness of
appellate counsel in this matter was not raised in his Rule 26(B) application.  (RX
16.)

not receive or possess stolen property." (Doc. 1, at viii.)  Kolvek argues that if the license plates were not stolen, the vehicle stop was illegal, and the evidence resulting from the stop should have been suppressed.  (Doc. 17, at 20-21.)

This claim was not raised in his direct appeal, see doc. 13, RX 8, at 6, nor was it raised in his application for reopening, RX 16.  This court does not have jurisdiction to consider a claim in a habeas petition which was not fairly presented to the state courts.  Jacobs, 265 F.3d at 415.  If a petitioner is barred by a state procedural rule from raising a federal claim in state court, he is not permitted to raise the issue in his habeas petition absent a showing of cause and prejudice.  Engle v. Isaac, 456 U.S. 107, 129 (1982); Wainwright, 433 U.S. at 86-87.

Any ineffective-assistance claims that Kolvek could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata.  Coleman, 244 F.3d at 538; Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (syllabus); Perry, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106 (syllabus, ¶9).  Res judicata will apply when a defendant who is represented by new counsel on direct appeal, as Kolvek was, fails to raise the issue of ineffective assistance of trial counsel.  Hicks v. Collins, 384 F.3d 204, 211 (6th Cir. 2004), cert. denied, 544 U.S. 1037 (2005); Monzo v. Edwards, 281 F.3d 568, 576-577 (6th Cir. 2002).  Application of this Ohio rule satisfies the first three factors in Maupin.  Jacobs, 265 F.3d at 417.  Kolvek has not shown cause or prejudice, the fourth factor under Maupin.

The sixth ground has been procedurally defaulted.

15

### 3.  Eighth ground:  Defective indictment

The eighth ground of the petition is that Kolvek was convicted in violation of his due process rights, pursuant to a defective indictment.  (Doc. 1, at ix.)  Kolvek claims that the indictment was insufficient because it did not include all the elements of the offense of obstruction of justice.  Id. at 26-27.

This claim was not raised in his direct appeal.  See doc. 13, RX 8, at 6.  This court does not have jurisdiction to consider a claim in a habeas petition which was not fairly presented to the state courts.  Jacobs, 265 F.3d at 415.

Although Kolvek attempted to raise this issue in his Rule 26(B) motion for reopening, that procedure is limited to claims of ineffective assistance of appellate counsel.[2]  Ohio R. App. P. 26(B)(1).  The state courts will not entertain other claims, such as Kolvek's claim that "the indictment did not properly inform the defendant of the charge against him by failing to include the necessary elements of the crime." (Doc. 13, RX 16, at 16-17.)  See State v. Goines, 74 Ohio St.3d 409, 410, 659 N.E.2d 787 (1996) (per curiam) (claimed errors not related to ineffective assistance of appellate counsel are disregarded); State v. Cook, No. WD-04-029, 2005 WL 1926517, at *4 (Ohio Ct. App. Aug. 10, 2005) (claim of ineffective assistance of trial counsel improper basis for Rule 26(B) motion); State v. Huber, No. 80616, 2003 WL 21419177, at *2 (Ohio Ct. App. June 18, 2003) (same).

---

[2]Although each of Kolvek's nine claims in his Rule 26(B) application recites an alleged constitutional violation of "ineffective assistance of appellate counsel" in the caption, only claims 1, 4, 7, and 9 actually argue ineffective assistance of counsel.  See generally doc. 13, RX 16.

16

The eighth ground has been procedurally defaulted.

### 4.  Ninth ground:  Innocent of obstruction of justice

The ninth ground of the petition is that because Kolvek was convicted on 3rd degree obstruction of justice, of which he claims he was improperly indicted (see preceding section), therefore his guilt was not proved beyond a reasonable doubt. (Doc. 1, at ix; doc. 17, at 10-11.)  Kolvek asserts he is innocent of this offense.

Again, this claim was not raised in his direct appeal.  See doc. 13, RX 8, at 6. This court does not have jurisdiction to consider a claim in a habeas petition which was not fairly presented to the state courts.  Jacobs, 265 F.3d at 415.

The ninth ground has been procedurally defaulted.

### 5.  Eleventh ground:  Error by trial court

The eleventh ground of the petition is that Kolvek's constitutional rights were violated when "the court exposed the jury to a fact not in evidence during the jury's deliberations."  (Doc. 1, at ix.)  In his petition, Kolvek argues that the court erred by exposing the jury to extrinsic evidence, in response to a jury inquiry during deliberations.  Id. at 32-33.

This claim was not raised in Kolvek's direct appeal.  See doc. 13, RX 8, at 6. Kolvek argues that he presented this claim to the state courts in his Rule 26(B) application.  (Doc. 1, at 31-32; doc. 17, at 11.)

Although Kolvek attempted to raise this issue in his Rule 26(B) motion for reopening, that procedure is limited to claims of ineffective assistance of appellate counsel.  Ohio R. App. P. 26(B)(1).  The state courts will not entertain other claims,

17

such as Kolvek's claim that "the court infringed upon his due process rights by answering the jury question with a fact not in evidence."  (Doc. 13, RX 16, at 19.) See Goines, 74 Ohio St.3d at 410, 659 N.E.2d 787 (claimed errors not related to ineffective assistance of appellate counsel are disregarded); Cook, 2005 WL 1926517, at *4; Huber, 2003 WL 21419177, at *2.

 The eleventh ground has been procedurally defaulted.

### 6.  Fourteenth ground:  Delayed indictment

 The fourteenth ground of the petition is that Kolvek's constitutional rights were violated "by pre-indictment delay when the State waited until (2) days prior to trial to indict Petitioner on a supplemental charge."  (Doc. 1, at x, 43; doc. 17, at 17.) Kolvek concedes that this claim was not presented to the state courts, but argues that the procedural default should be excused for two reasons:  1) actual innocence, and 2) ineffective assistance of appellate counsel.  (Doc. 1, at 43.)

 It appears that Kolvek is arguing that reasons for the delay itself violated his rights:  "Petitioner asserts that his due process rights were violated when the State waited until two days prior to his trial to indict him on a supplemental charge."  Id. at 44.  Kolvek asserts that "the State did this because he chose to utilize his Constitutional right to a Jury trial."  Id.

Because this improper delay claim was not raised in Kolvek's direct appeal[3], it would be barred by the Ohio rule of res judicata.  <u>Lott</u>, 261 F.3d at 611-612; <u>Szefcyk</u>, 77 Ohio St.3d 93, 671 N.E.2d 233 (syllabus); <u>Perry</u>, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106 (syllabus, ¶9).  Res judicata bars Kolvek from litigating an issue that was raised or could have been raised on direct appeal.  <u>Perry</u>, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

The Ohio rule of res judicata satisfies the first three factors in <u>Maupin</u>. <u>Jacobs</u>, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Ineffective assistance of counsel can serve as cause to overcome procedural default.  <u>Smith</u>, 463 F.3d at 432 (citing <u>Deitz</u>, 391 F.3d at 809).  Kolvek contends that ineffective assistance of appellate counsel is cause to excuse the procedural default.  (Doc. 1, at 43-44.)

Although Kolvek filed an application to re-open his appeal under Ohio App. Rule 26(B), his arguments regarding the supplemental charges concerned the trial court's denial of the motion to dismiss, which is relevant to his twelfth ground.  He did not argue that his appellate counsel was ineffective for failing to raise the issue as he portrays it here.  <u>See generally</u> doc. 13, RX 16.  An ineffective assistance of counsel claim asserted as cause for another procedurally defaulted federal claim can

---

[3]Kolvek did raise a related claim in his direct appeal, namely, that the trial court denied him due process by allowing the supplemental charge to go to trial. (Doc. 13, RX 8, at 6.)  That specific claim is contained in the twelfth ground of his habeas petition, and is addressed later.  (Doc. 1, at ix, 34; doc. 17, at 15-16.)

itself be procedurally defaulted.  <u>Edwards</u>, 529 U.S. at 453.  <u>See also</u> <u>Wong</u>, 142 F.3d at 322 (claim of ineffective assistance of counsel must be presented to state courts under same theory later presented to federal court).

Any ineffective-assistance claim that Kolvek could have asserted, but did not, is defaulted under the Ohio doctrine of res judicata.  <u>Coleman</u>, 244 F.3d at 538; <u>Perry</u>, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106 (syllabus, ¶9).  Thus, because this claim of ineffective assistance of counsel was not presented to the state courts, it cannot be used to establish cause for a procedural default.  <u>Edwards</u>, 529 U.S. at 452; <u>Smith</u>, 463 F.3d at 436 n.7; <u>Deitz</u>, 391 F.3d at 809.

As mentioned earlier, Kolvek does not raise any new reliable evidence that was not presented at trial which would undermine the court's confidence in the result of the trial.  <u>Souter</u>, 395 F.3d at 589-590.  Kolvek has failed to demonstrate that this an "extraordinary case" justifying the actual innocence exception.

The fourteenth ground has been procedurally defaulted.

### 6.  Sixteenth Ground:  Ineffective Assistance of Trial Counsel

The sixteenth ground of the petition is that Kolvek's "Sixth Amendment right to effective assistance of counsel was denied when trial counsel made numerous errors that were so serious that Petitioner [*sic*] failed to function as counsel guaranteed by the protections of the United States Constitution. " (Doc. 1, at x, 50; doc. 17, at 12.)  Kolvek sets forth numerous errors by counsel that he contends deprived him of a fair trial.  (Doc. 1, at 50-52.)

20

Kolvek did not raise ineffective assistance of trial counsel in his direct appeal.  <u>See</u> doc. 13, RX 8, at 6.  Any ineffective-assistance claims that Kolvek could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata.  <u>Coleman</u>, 244 F.3d at 538; <u>Szefcyk</u>, 77 Ohio St.3d 93, 671 N.E.2d 233 (syllabus); <u>Perry</u>, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106 (syllabus, ¶9).  Application of this Ohio rule satisfies the first three factors in <u>Maupin</u>.  <u>Jacobs</u>, 265 F.3d at 417.  Kolvek has not shown cause or prejudice, the fourth factor under <u>Maupin</u>.

Kolvek argues that his ineffective assistance of trial counsel claims were "properly exhausted under his application for reconsideration 26(B)."  (Doc. 17, at 12.)  Although Kolvek attempted to raise this issue in his Rule 26(B) motion for reopening, that procedure is limited to claims of ineffective assistance of appellate counsel.  Ohio R. App. P. 26(B)(1).  <u>See</u> <u>Goines</u>, 74 Ohio St.3d at 410, 659 N.E.2d 787; <u>Cook</u>, 2005 WL 1926517, at *4; <u>Huber</u>, 2003 WL 21419177, at *2.

In his Rule 26(B) motion, Kolvek did argue that appellate counsel was ineffective for failing to appeal on the basis that trial counsel was ineffective.  (Doc. 13, RX 16, at 27-30.)  However, a Rule 26(B) application must be based upon a claim of ineffective assistance of appellate counsel, not trial counsel.  <u>Huber</u>, 2003 WL 21419177, at *2.  The merits of the two claims, though related, are separate and distinct.  Any consideration of a claim of ineffective assistance of appellate counsel, even if involving the alleged errors of trial counsel, would not be determinative of the merits of a separate claim of ineffective assistance of trial counsel, nor would

21

Rule 26(B) review preserve that claim.  See generally Lott, 261 F.3d at 611-612;
Wong, 142 F.3d at 322.

The sixteenth ground has been procedurally defaulted.


B.  Claims that Kolvek failed to raise before the Ohio Supreme Court

The respondent asserts that the second, third and fourth grounds of the
petition are procedurally defaulted in part, because although Kolvek raised the
claims in the court of appeals, he failed to present the claims to the state high court
for review.  (Doc. 13, at 14.)

1.  Second, Third and Fourth Grounds:  Sufficiency of the Evidence

The second, third and fourth grounds are that Kolvek was denied his due
process rights "when the state failed to present sufficient evidence and the jury's
verdict was against the manifest weight of the evidence."  (Doc. 1, at viii, 14-19.)

The respondent contends that, although Kolvek raised the sufficiency of the
evidence claims in the court of appeals, he failed to present those claims to the Ohio
Supreme Court for review.  (Doc. 13, at 14-15.)  The record supports that
contention; Kolvek raised only the manifest weight of the evidence claims in his
brief to the Supreme Court of Ohio.  See doc. 13, RX 12, at 5-7.  Thus, the
sufficiency of the evidence claims have been procedurally defaulted.  Rust, 17 F.3d
at 160 (highest court in state must be given full and fair opportunity to rule on
claims).

Kolvek claims that the state's memorandum in opposition put the issue of his sufficiency of the evidence claim before the court.  (Doc. 17, at 13-14.)  He argues that "the State had the opportunity to argue to the Ohio Supreme Court that Petitioner failed to properly brief his errors."  Id. at 13.  However, the burden  to exhaust his claims properly is on Kolvek, not the state.  The state merely responded to the manifest weight of the evidence claim raised in Kolvek's brief.  (Doc. 13, RX 13, at 1-3; RX 12, at 5-7.)

Kolvek again raises "actual innocence," with regard to claims three and four. (Doc. 17, at 14, 18.)  Kolvek does not raise any new reliable evidence that was not presented at trial, and also has failed to demonstrate that this an "extraordinary case" justifying the actual innocence exception.

The second, third and fourth grounds of the petition are procedurally defaulted in part, insofar as they assert sufficiency of the evidence.

## IV.  MANIFEST WEIGHT OF THE EVIDENCE

The second, third and fourth grounds of the petition also assert that Kolvek was denied his due process rights because "the jury's verdict was against the manifest weight of the evidence."  (Doc. 1, at viii, 14-19.)  The respondent asserts that the manifest weight of the evidence claims are not cognizable for federal habeas relief.  (Doc. 13, at 15.)

A manifest weight of the evidence claim concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the

issue rather than the other." State v. Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546 (1997).  When reviewing a weight of the evidence claim, an appellate court sits as a "thirteenth juror," and reviews the jury's resolution of conflicting testimony.  Tibbs v. Florida, 457 U.S. 31, 42 (1982).  In the federal habeas context, this is outside the proper role of the habeas court.  The jury is the sole finder of fact in a jury trial, and the jury determines the credibility of witnesses.  United States v. Adamo, 742 F.2d 927, 934-935 (6th Cir. 1984), cert. denied, 469 U.S. 1193 (1985).

Moreover, a claim that Kolvek's conviction was against the manifest weight of the evidence is a state law issue, and a federal habeas court has no power to grant habeas relief on the basis that a state conviction is against the weight of the evidence.  Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985), cert. denied, 476 U.S. 1123 (1986); Cameron v. Birkett, 348 F.Supp.2d 825, 838 (E.D. Mich. 2004) (citing cases).  The petition should not be granted on the second, third and fourth grounds based on the manifest weight of the evidence.

## V.  INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The first and tenth grounds of the petition are based on ineffective assistance of appellate counsel.  The first ground alleges that counsel was ineffective for failing to raised the claim the Kolvek's "Fifth, Sixth and Fourteenth Amendment rights were violated when his only witness was not permitted to completely testify."  (Doc. 1, at viii.)  The tenth ground alleges that counsel was ineffective "when she failed to

24

raise the issue of a fatal variance which promoted a violation of Petitioner's due process rights." Id. at ix.

The respondent concedes that Kolvek raised the claim of ineffective assistance of appellate counsel in his timely Rule 26(B) application.  (Doc. 13, at 11-12.)  However, the respondent argues that Kolvek has failed to prove his claims.  Id. at 12.

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel."  Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)).  The Sixth Circuit discussed ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland [v. Washington, 466 U.S. 668 (1984)], the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant.  Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."
>
> There is a right to effective assistance of counsel in connection with a defendant's first appeal of right.  It is not necessary for appellate counsel to raise every nonfrivolous claim on direct appeal. . . . "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."

Monzo, 281 F.3d at 579 (internal citations omitted).  See generally Strickland, 466 U.S. at 689 (two-part test).

25

A criminal appellant is constitutionally entitled to the effective assistance of counsel in his direct appeal.  Evitts v. Lucey, 469 U.S. 387 (1985).  In a 1999 decision, the Sixth Circuit outlined eleven considerations[4] for analyzing the performance of appellate counsel.  Mapes v. Coyle, 171 F.3d 408, 427-28 (6th Cir.), cert. denied, 528 U.S. 946 (1999); Brooks v. Bobby, No. 1:02CV1416, 2006 WL 2456494, at *7 (N.D. Ohio Aug. 22, 2006).

Since Mapes was decided, however, "[t]he Supreme Court has made clear that post-AEDPA claims of ineffective assistance of counsel brought by habeas petitioners will succeed only in very limited circumstances."  Payne v. Bell, 418 F.3d 644, 665 (6th Cir. 2005), cert. denied, 126 S.Ct. 2931 (2006) (citing Bell v. Cone, 535 U.S. 685 (2002)).  The habeas court does not render an "independent judgment, [as to whether] the state-court decision applied Strickland incorrectly."  Bell, 535 U.S. at 698-699; Parker v. Bagley, No. 1:01CV1672, 2006 WL 2589001, at *19 (N.D. Ohio

---

[4]The list of factors included:
1. Were the omitted issues "significant and obvious?"
2. Was there arguably contrary authority on the omitted issues?
3. Were the omitted issues clearly stronger than those presented?
4. Were the omitted issues objected to at trial?
5. Were the trial court's rulings subject to deference on appeal?
6. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
7. What was the appellate counsel's level of experience and expertise?
8. Did the petitioner and appellate counsel meet and go over possible issues?
9. Is there evidence that counsel reviewed all the facts?
10. Were the omitted issues dealt with in other assignments of error?
11. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?
 Mapes, 171 F.3d at 427-28.

Sept. 6, 2006). Rather, the petitioner must show that the state court "applied Strickland to the facts of his case in an objectively unreasonable manner." Bell, 535 U.S. at 699. See also Williams, 529 U.S. at 410-412 (state court decision not unreasonable simply because habeas court considers decision erroneous or incorrect).

Thus, in the habeas context, this court considers petitioner's claim "within the more limited assessment of whether the state court's application of Strickland to the facts of this case was objectively unreasonable." Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

In his Rule 26(B) application, Kolvek argued that appellate counsel was ineffective for failing to raise over a dozen meritorious issues on appeal. See, e.g., doc. 13, RX 16, at 3-5.

The state court of appeals outlined the proper standard under Strickland v. Washington. (Doc. 13, RX 19, at 1.) The court noted that "counsel need not raise all nonfrivolous issues on appeal." Id. at 2 (citing State v. Campbell, 69 Ohio St.3d 38, 53, 630 N.E.2d 339, 353 (1994), and Jones v. Barnes, 463 U.S. 745, 751 (1983)). The court further pointed out that "appellate counsel may limit the number of arguments raised in order to focus on those issues most likely to bear fruit." Id.

The state court found that Kolvek had failed to show that the performance of his appellate counsel fell below an objective standard of reasonableness, because he did not demonstrate "that the issues which counsel failed to raise were of such

27

significance that counsel could not have determined it to be strategically advantageous not to raise them." Id.

The first ground of this habeas petition concerns appellate counsel's decision not to appeal the fact that a trial witness "was not permitted to completely testify." (Doc. 1, at viii, 1-8.)  The witness in question, Cathy Knox, was petitioner's girlfriend and co-defendant, the owner of the vehicle which was stopped by the police.  (Doc. 1, Exh. D, Knox statement; doc. 13, RX 10, at 3; Kolvek, 2004 WL 1562573, at *1.)  Her testimony was apparently not completed because she invoked her Fifth Amendment right not to testify.  (Doc. 1, at 1, 5-6.)

The tenth ground of the petition concerns appellate counsel's decision not to "raise the issue of a fatal variance," namely a "denial of [his] Fourteenth Amendment right to notice of the charges against him."  (Doc. 1, at ix, 30-31.)  The court had instructed the jury that, if they found Kolvek guilty of obstructing justice, they further needed to determine "whether or not the offense committed by the other person was aggravated murder, murder, or a felony of the first or second degree."  (Doc. 1, at 21, quoting Tr. 313-314.)

The second count of the indictment charged Kolvek with Obstructing Justice, a third degree felony violation of  Ohio Rev. Code § 2921.32 (A)(4).  (Doc. 1, Exh. B, indictment.)  The statute reads, in relevant part:

> No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime, and no person, with purpose to hinder the discovery, apprehension, prosecution, adjudication as a delinquent child, or disposition of a child for an act

28

that if committed by an adult would be a crime or to assist a child to
benefit from the commission of an act that if committed by an adult
would be a crime, shall do any of the following:

* * * * *

(4) Destroy or conceal physical evidence of the crime or act, or induce
any person to withhold testimony or information or to elude legal
process summoning the person to testify or supply evidence.

Ohio Rev. Code § 2921.32 (A)(4).  The statute also provides:

If the crime committed by the person aided is aggravated murder,
murder, or a felony of the first or second degree or if the act committed
by the child aided would be one of those offenses if committed by an
adult and if the offender knows or has reason to believe that the crime
committed by the person aided is one of those offenses or that the act
committed by the child aided would be one of those offenses if
committed by an adult, obstructing justice is a felony of the third
degree.

Ohio Rev. Code § 2921.32 (C)(4).  The court's instructions track the language of the

statute.

Kolvek's appellate counsel chose to raise five other claims on appeal.  (Doc.

13, RX 8, at 6.)  Ruling on his Rule 26(B) application, the court of appeals found

that Kolvek failed to show that the performance of his appellate counsel fell below

an objective standard of reasonableness.  The issues omitted are not "clearly

stronger than those presented," for example, nor can the decision to omit these

issues be characterized as an unreasonable decision "which only an incompetent

attorney would adopt."  See, e.g., Mapes, 171 F.3d at 427-28.

Kolvek has failed to demonstrate that the state court's application of

Strickland to the facts of this case was objectively unreasonable.  Bell, 535 U.S. at

29

699; <u>Washington</u>, 228 F.3d at 702.  The petition should not be granted on the first or tenth grounds.

## VI.  DENIAL OF MOTION FOR CONTINUANCE OR DISMISSAL

The twelfth ground of the petition is:

> The court abused its discretion when it denied counsel's request for a continuance or a dismissal of the supplemental charge placed on Petitioner (2) days prior to trial, denying Petitioner's right to effective assistance of counsel where counsel did not have adequate time to prepare and this further violated Petitioner's due process and equal protection rights when the court gave two different rulings with respect to two similarly situated offenders.

(Doc. 1, at ix-x.)

The respondent argues that the "abuse of discretion" claims (12 and 13) are not cognizable for federal habeas relief, because such a claim is not sufficient to state a constitutional violation, absent a due process violation.  (Doc. 13, at 21-22.)

An alleged abuse of discretion by the state trial court, without more, is not a constitutional violation.  <u>Stanford v. Parker</u>, 266 F.3d 442, 459 (6th Cir. 2001), <u>cert. denied</u>, 537 U.S. 831 (2002) (citing <u>Sinistaj v. Burt</u>, 66 F.3d 804, 808 (6th Cir. 1995)).  However, when the court's decision results in an alleged violation of the defendant's constitutional rights, the court will examine the underlying issue. <u>Sinistaj</u>, 66 F.3d at 808; <u>Carnail v. Bagley</u>, No. 1:02CV1411, 2006 WL 1876546, at *12 (N.D. Ohio July 3, 2006).

Kolvek appears to argue that the denial of his motion for a continuance or dismissal of the count, regarding the additional count in a supplemental indictment

which was filed shortly before trial, resulted in a slew of constitutional violations, among them, a violation of his Fifth and Fourteenth Amendments rights to due process and equal protection, doc. 1, at x, 33-36; his Sixth Amendment right to effective assistance of counsel, because counsel did not have adequate time to prepare for trial on that count, doc. 1, at x, 33, 37-40, doc. 17, at 15-16; and, another Sixth Amendment violation, on the basis that appellate counsel failed to properly pursue these errors on appeal, doc. 1, at 33-34, doc. 17, at 16.

On direct appeal, Kolvek simply argued that he "was denied due process by proceeding to trial on a supplemental indictment that was filed and served upon [Kolvek] shortly before trial." (Doc. 13, RX 8, at 6, 14-15.)  He did not assert his other habeas claims among the issues raised[5] for ineffective assistance of appellate counsel in his Rule 26(B) application.  See doc. 13, RX 16, at 3-5.

Thus, the only issue which may be preserved for review by this habeas court is the alleged due process violation.  However, the state court of appeals did not review his claim on the merits, because "Appellant has failed to provide a transcript of the proceeding wherein he moved for a dismissal and, therefore, Appellant has waived this argument." (Doc. 13, RX 10, at 11; Kolvek, 2004 WL 1562573, at *5.)

---

[5]As noted earlier, each of Kolvek's Rule 26(B) claims recites an alleged "ineffective assistance of appellate counsel" in the caption, although only certain claims actually argue ineffective assistance.  Kolvek raised the "abuse of discretion" argument in the application, but he argued error by the trial court, not by appellate counsel.  See doc. 13, RX 16, at 25-26.

The respondent has not raised the defense of procedural default regarding this claim, thus, it is waived and the court may consider this claim on the merits. See Trest v. Cain, 522 U.S. 87, 89 (1997); Baze v. Parker, 371 F.3d 310, 320 (6th Cir. 2004), cert. denied, 544 U.S. 931 (2005).  Kolvek raised this issue in his briefs to the state court of appeals (RX 8, at 6, 14-15), as well as the state high court (RX 12, at 13-14), therefore it has been exhausted despite the state courts' failure to rule on the merits.  See, e.g., Clinkscale v. Carter, 375 F.3d 430, 438 (6th Cir. 2004), cert. denied, 543 U.S. 1177 (2005) (exhaustion does not require state court adjudication on merits of claim) (citing cases); Stanford v. Parker, 266 F.3d 442, 451 (6th Cir. 2001), cert. denied, 537 U.S. 831 (2002) (where petitioner has fully and fairly presented federal claim to state's highest court, claim will be totally exhausted even if state courts do not consider claim on merits).

The trial transcript reflects the following exchange on the first day of trial, Thursday, Aug. 14, 2003:

> THE COURT:  Prosecutor Mercurio?

> MS. MERCURIO:  Yes, your Honor, there is now a count 7 that has been supplemented to the indictment, that being a felony of the third degree, illegal assembly or possession of chemicals for manufacture of drugs.  We were here, I think it was Tuesday, at that point in time the defendant did not waive any defect in time.  There has been sufficient notice.  He had time to inquire of his attorney and consult him, and his rights regarding the supplement.

> THE COURT:  Mr. Sinn.

> MR. SINN [defense counsel]:  I believe this is the continuation of the arraignment.  To tell you the truth, we started and my client waived – he did not waive time or manner of service, he does not waive time and

32

manner of service.  We renew our motion to dismiss that count of the indictment based on the fact that it was kind of put on late in the game and did not give us a chance to respond or prepare an adequate defense.  However, we have had that discussion and the Court made its ruling.  I think it is appropriate for my client to enter a plea of not guilty to the charge.

THE COURT:  Mr. Kolvek, I talked to you the last time and you indicated that you received a copy of the indictment and you understand the charges.

* * * * *

THE COURT:  . . . At this time, I will enter your plea of not guilty on the record and find that service of the indictment is proper, an interim time having passed, and we will go forward then on count 7, as well as the other counts against you on the trial scheduled for today.

Mr. Sinn, with regard to  your motion to dismiss, it is denied.

(Doc. 13, RX 35, Tr., at 4-6.)

As stated earlier, Kolvek was subsequently convicted of the seventh count, illegal assembly or possession of chemicals for the manufacture of drugs, and was sentenced to three years on that count, to be served consecutively to the other felony convictions.

Kolvek appealed his convictions, and the docket of the trial court reflects that the court reporter was ordered to produce a copy of the transcript of the proceedings, to include all "hearings, pretrial hearings, motion hearings . . . and ruling[s] from the trial court."  (Doc. 13, RX 34, docket, at 2.)  Despite this order, the transcript from the August 12 hearing, at which Kolvek's motion to dismiss the seventh count of the indictment was apparently more fully discussed, was not provided to the court of appeals.  See RX 10, at 11; Kolvek, 2004 WL 1562573, at *5.

33

Under Ohio R. App. P. 9(B), it was Kolvek's burden as appellant to ensure that an accurate transcript of the relevant hearing was provided to the court of appeals.  (If no transcript was available, Kolvek should have prepared a statement "from the best available means, including the appellant's recollection."  Ohio R. App. P. 9(C).)  Apparently, Kolvek failed to do so.  Kolvek did not raise this failure as grounds for a claim of ineffective assistance of appellate counsel in his Rule 26(B) application, see generally RX 16, thus any argument based on ineffectiveness has been waived.

### A.  Due Process Violation

When determining whether a delayed indictment violates the Due Process Clause, the court applies a two-part test.  A dismissal for such a delay is warranted only when the defendant demonstrates both elements.  Monzo, 281 F.3d at 581-582 (citing United States v. Lovasco, 431 U.S. 783 (1977); United States v. Brown, 959 F.2d 63, 66 (6th Cir. 1992)); Wolfe v. Bock, 412 F.Supp.2d 657, 679 (E.D. Mich. 2006); United States v. Couch, 822 F.Supp. 457, 461 (S.D. Ohio 1993).

First, the defendant must demonstrate that he suffered substantial prejudice to his right to a fair trial as a result of the delay.  Monzo, 281 F.3d at 581. Prejudice will not be presumed.  Payne v. Rees, 738 F.2d 118, 122 (6th Cir. 1984). Actual prejudice is not sufficient  to establish the first prong of the test; rather, "the prejudice must be substantial and not merely speculative."  Couch, 822 F.Supp. at 461 (citing Lovasco, 431 U.S. at 789).

34

Second, the defendant must also demonstrate that the government purposely delayed in order to gain a tactical advantage over the defendant.  <u>Monzo</u>, 281 F.3d at 581-582.  "Delay in commencing prosecution is unjustifiable when the state uses delay to gain a tactical advantage over the defendant, or through negligence or error ceases to investigate, and later, without new evidence, decides to prosecute." <u>Monzo</u>, 281 F.3d at 581 (citing <u>State v. Luck</u>, 15 Ohio St.3d 150, 472 N.E.2d 1097, 1105 (1984), <u>cert. denied</u>, 470 U.S. 1084 (1985)).  On the other hand,"a delay that is investigative in nature does not deprive the defendant of due process even if some prejudice to the defendant results."  <u>Wolfe</u>, 412 F.Supp.2d at 679.

Although Kolvek alleged a due process violation in his direct appeal, he did not demonstrate that he suffered substantial prejudice or that the state purposely delayed in order to gain a tactical advantage over him.  Rather, he stressed the trial court's alleged abuse of discretion itself as a due process violation.  (Doc. 13, RX 8, at 14-15.)

The state court did not rely on U.S. Supreme Court precedent in ruling on this issue, thus, Kolvek must demonstrate that the court's decision was contrary to Supreme Court precedent.  A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  <u>Williams</u>, 529 U.S. at 405.  <u>See also</u> <u>Price</u>, 538 U.S. at 640.  Kolvek has not demonstrated that the state court decision was contrary to the governing law set forth in <u>Lovasco</u>, 431 U.S. at 789-797.

35

The petition should be not be granted on the twelfth ground.

## VII.  USE OF SIMILAR ACTS EVIDENCE

The thirteenth ground of the petition is:

> The court abused its discretion violating Petitioner's Fifth and
> Fourteenth Amendment due process rights when it permitted the use
> of similar acts of evidence, over counsel's objections, when the court
> failed to rule on a motion until the second day of trial.

(Doc. 1, at x.)

The respondent argues that this "abuse of discretion" claim is not cognizable for federal habeas relief, because such a claim is not sufficient to state a constitutional violation.  (Doc. 13, at 21-22.)

As discussed in the previous section, an alleged abuse of discretion by the state trial court is not a constitutional violation, but when the court's decision results in an alleged violation of the defendant's constitutional rights, the court will examine the underlying issue.  Sinistaj, 66 F.3d at 808.

On appeal, Kolvek argued that the prejudicial effect of the similar acts evidence outweighed its probative value. (Doc. 13, RX 8, at 12-13.)  The state court of appeals ruled that, under Ohio law:

> . . . similar acts evidence may, by the clear language of Evid.R. 404 and
> R.C. 2945.59, be admissible to show intent. As that is the case, this
> court cannot say that the trial court abused its discretion or that the
> prejudicial effect outweighed the probative value.

(Doc. 13, RX 10, at 10-11; Kolvek, 2004 WL 1562573, at *5.)

36

Kolvek did not frame this ground for his state appeal as a federal constitutional issue.  See generally doc. 13, RX 8, at 12-13.  He relied solely on state law arguments.  The petitioner's state appeal on this issue did not rely on federal constitutional analysis, nor did his claims implicate a constitutional right.

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts.  Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs, 265 F.3d at 415.  The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts.  This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented":  (1) reliance upon federal cases employing constitutional analysis;  (2) reliance upon state cases employing federal constitutional analysis;  (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right;  or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)).  See also Hicks v. Straub, 377 F.3d 538, 552-554 (6th Cir. 2004), cert. denied, 544 U.S. 928 (2005).  To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising under state law.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

The "clearly established rule" is that alleged errors of state law, "especially rulings regarding the admission or exclusion of evidence," are not within the purview of a federal habeas court.  Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.

1988).  See also Estelle v. McGuire, 502 U.S. 62, 69-70 (1991); Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir.), cert. denied, 540 U.S. 930 (2003).  This court must presume that the Ohio state courts correctly interpreted Ohio evidence law in their evidentiary rulings.  Small v. Brigano, No. 04-3328, 2005 WL 1432898, at *5 (6th Cir. June 17, 2005).  See generally Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (habeas relief not available for claimed violation of state law).

Alleged state court errors of evidentiary rulings do not rise to the level of constitutional claims warranting habeas relief "unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment."  Broom v. Mitchell, 441 F.3d 392, 406 (6th Cir. 2006), cert. denied, 127 S.Ct. 1376 (2007).  See also Bugh, 329 F.3d at 512.  Courts have defined the category of errors that are fundamentally unfair very narrowly. Bugh, 329 F.3d at 512.  Kolvek has not made a convincing argument that his case qualifies.

In Bugh, the Sixth Circuit found that there was no clearly established Supreme Court precedent which holds that a state violates due process by admitting other bad acts evidence.  Bugh, 329 F.3d at 512.  "While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence[6], it has not explicitly addressed the issue in constitutional terms." Id. at 513 (citing Old Chief v. United States, 519 U.S. 172 (1997); Huddleston v.

---

[6]Ohio Rule of Evidence 404(B) is substantially similar to the federal rule. Broom, 441 F.3d at 405 n.20.

United States, 485 U.S. 681 (1988)).  The court upheld the district court's denial of habeas relief, finding that there was no Supreme Court precedent that the trial court's ruling could be "contrary to," under the AEDPA.  Id.  Kolvek has not provided any such precedent.

Kolvek did not "fairly present" this claim to the state courts as a federal constitutional issue.  In addition, Kolvek has failed to demonstrate that the state court rulings on the evidentiary issue are contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.  See generally doc. 1, at 404-3; doc. 17, at 17.

The petition should not be granted on the thirteenth ground.


VIII.  SUMMARY

The petition for a writ of habeas corpus should be denied.  Kolvek has withdrawn his seventh and fifteenth grounds.  (Doc. 17, at 4.)  The fifth, sixth, eighth, ninth, eleventh, fourteenth, and sixteenth grounds have been procedurally defaulted, because Kolvek failed to raise these claims on direct appeal.

The second, third and fourth grounds of the petition are procedurally defaulted in part, as to the sufficiency of the evidence claims, because Kolvek failed to present the claims to the state high court for review.  The petition should not be granted on the second, third and fourth grounds based on the manifest weight of the evidence, because those claims are not cognizable for federal habeas relief.

39

The petition should not be granted on the first or tenth grounds, based on ineffective assistance of appellate counsel, because Kolvek has failed to demonstrate that the state court 's application of <u>Strickland</u> was objectively unreasonable.

The petition should not be granted on the twelfth ground because Kolvek failed to demonstrate that the state court decision was contrary to the governing law set forth in <u>Lovasco</u>, 431 U.S. at 789-797.

The petition should not be granted on the thirteenth ground because it was not fairly presented to the state courts.

Overall, Kolvek has failed to demonstrate that the state court rulings are contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  The petition should be denied.


<u>RECOMMENDATION</u>

It is recommended that the petition be denied.

Dated:   May 24, 2007                           /s/ Kenneth S. McHargh
                                                      Kenneth S. McHargh
                                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).