**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT M. KOLVEK,** | : | **Case No. 5:05 CV 2598** |
| | : | |
| Petitioner, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **MICHELLE EBERLIN, Warden** | : | <u>ORDER</u> |
| | : | |
| Respondent. | : | |

This matter arises on *Petitioner's Motion for Leave to Expand the Record (Habeas Rule 7)* ("Motion for Leave") (Doc. 22), which the Respondent has not opposed. For the reasons outlined briefly below, the Motion for Leave is <u>GRANTED</u>.

**I.    BACKGROUND**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. In sum, the Petitioner filed a petition for a writ of habeas corpus relative to his 2003 felony convictions in Summit County, Ohio for drug possession, obstruction of justice and other charges. The petition asserts sixteen grounds for habeas relief. Magistrate Judge Kenneth S. McHargh has recommended that the petition be dismissed (Doc. 20),[1] and the Petitioner has objected to that recommendation (Doc. 22).[2] Thereafter, the Petitioner filed the instant Motion for Leave.

---

[1]    The petition was referred to Magistrate Judge McHargh for preparation of a report and recommendation ("R&R") (Doc. 6).

[2]    The Court is still in the process of analyzing Magistrate Judge McHargh's R&R and Petitioner's objections thereto.

**II.     DISCUSSION**

The Petitioner's Motion for Leave is made pursuant to Rule 7 (Expanding the Record) of the *Rules Governing Section 2254 Cases in the United States District Courts*. It requests that the Court expand the record in this case to include an eleven-page transcript, which is attached to the motion as Exhibit A (Doc. 22-2). Petitioner argues that the attached transcript is relevant to his 12th and 14th asserted grounds for relief, which relate to the prosecutor's addition of a new charge essentially on the eve of trial and the state court's denial of Petitioner's motion to continue or dismiss the new charge. In sum, Petitioner argues that the events surrounding the "last minute" addition of the new charge, for which Petitioner was convicted, resulted at least in 5th and 14th Amendment violations.

As to why it was not previously provided, Petitioner explains that, given the single case number identified in the transcript's case caption, the transcript appears to relate only to an August 12, 2003 sentencing hearing in one of Petitioner's other cases – namely, a drug possession case from Summit County, Ohio (Case No. 2003-02-0551). As the text of the transcript reveals, however, the prosecutor's opening remarks at the August 12th hearing were:

> I believe we are here on <u>two cases</u>, the first one being 03-02-551 . . . On that case were are set for sentencing. <u>We are also here in 03-5-1398A . . . That case is set for trial which is technically scheduled to convene tomorrow.</u>
>
> \*\*\*
>
> On that case, I have gone back to the grand jury, would like <u>to arraign</u> him on a <u>new charge</u>.

Doc. 22-2 at p. 2 (emphasis added). While the transcript ultimately does not include any further discussion of an arraignment on the new charge, Petitioner argues that the transcript is relevant and should be considered in conjunction with the Petitioner's asserted grounds for relief. Petitioner's request is only that the record in this case be expanded to include the transcript; he does not request

leave for supplemental briefing relative to the transcript. Notably, Respondent has not opposed Petitioner's request.

Petitioner's *unopposed* request presents no identifiable hardship on the Court or Respondent; presumably, this is why Respondent has not opposed it.[3] Accordingly, while the Court renders no opinion as to the relevance of the transcript or what weight it deserves, if any, Petitioner's unopposed Motion for Leave appears to be well taken.

### III. CONCLUSION

For the foregoing reasons, *Petitioner's Motion for Leave to Expand the Record (Habeas Rule 7)* (Doc. 22) is **GRANTED**. The Court hereby **EXPANDS** the record in this case to include the transcript attached as Exhibit A (Doc. 22-2) to the Petitioner's Motion for Leave. The Court will consider the transcript for what it is worth.

**IT IS SO ORDERED.**

                                                      s/Kathleen M. O'Malley
                                                     **KATHLEEN McDONALD O'MALLEY**
                                                      **UNITED STATES DISTRICT JUDGE**

**Dated: January 25, 2008**

---

[3] Rule 7(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* requires the Court to "give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." Given the apparent authenticity of the material presented (*i.e.*, a court transcript) and Respondent's failure to oppose the Motion for Leave, which provided the "additional materials" for review, the Court finds that Rule 7(c) is satisfied.